**CT Corporation**

**Service of Process Transmittal**
08/17/2016
CT Log Number 529690384

TO:   Cindy Long
Brown & Brown, Inc.
220 S Ridgewood Ave Ste 180
Daytona Beach, FL 32114-4300

RE:   **Process Served in Texas**

FOR:   Wright National Flood Insurance Company  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | FRANK OLIVO and Janie Olivo, Pltf. vs. WRIGHT NATIONAL FLOOD INSURANCE COMPANY, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | 274th Judicial District Court Comal County, TX<br>Case # 161379 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/17/2016 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition |
| **ATTORNEY(S) / SENDER(S):** | Kevin R. Michaels<br>LAW OFFICES OF KEVIN R. MICHAELS, P.C.<br>888 W. Sam Houston Pkwy. S., Suite 226<br>Houston, TX 77042<br>281-496-9889 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/17/2016, Expected Purge Date: 08/22/2016<br><br>Image SOP<br><br>Email Notification, Cindy Long  clong@bbins.com<br><br>Email Notification, Maria Leal  mleal@bbins.com<br><br>Email Notification, Tamara Kerr  tkerr@bbins.com<br><br>Email Notification, Karen Casale  karen.casale@weareflood.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Page 1 of  1 / PR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT A**

**PLEASE PRESS FIRMLY**

**PLEASE PRESS FIRMLY**

**PRIORITY MAIL**
**POSTAGE REQUIRED**



**PRIORITY**
**MAIL**

**UNITED STATES POSTAL SERVICE**

Flat Rate Mailing Envelope

*Visit us at usps.com*

**INTERNATIONAL RESTRICTIONS APPLY:**

*Customs forms are required. Consult the International Mail Manual (IMM) at pe.usps.com or ask a retail associate for details.*





US POSTAGE & FEES PAID
PRIORITY MAIL
FR Env
COMMERCIAL BASE PRICING

062S0000834328
FROM 77042

**stamps.com**
08/12/2016

## PRIORITY MAIL 2-DAY™

KEVIN R MICHAELS                          **0006**
888 W. Sam Houston Pkwy. S., Suite 226
HOUSTON TX 77042

C050

SHIP
TO:    Wright National Flood Insurance Co.
       c/o CT Corporation System
       1999 Bryan Street, Suite 900
       Dallas TX 75201-3140

**USPS TRACKING #**



9405 5118 9956 3010 3230 91



TRY FLAT RATE
PRIORITY MAIL PRE-PAID!
Built-in Tracking
Postage rate locked forever
Shipping label required
Package Pickup
re.stamps.com/prepaid



Please
Recycle

This packaging is the property of the
Service® and is provided solely for
sending Priority Mail® shipments.
Misuse may be a violation of federal
packaging is not for resale. EP14F-
Postal Service; June 2012; All rights



CITATION
THE STATE OF TEXAS

CAUSE NO. 16-1379

STYLED:  FRANK OLIVO AND JANIE OLIVO VS. WRIGHT NATIONAL FLOOD INSURANCE COMPANY

TO:  WRIGHT NATIONAL FLOOD INSURANCE COMPANY, ATTORNEY OF SERVICE, CT
CORPORATION SYSTEM 1999 BRYAN STREET SUITE 900 DALLAS TX 75201

**NOTICE TO DEFENDANT:  "You have been sued. You may employ an attorney. If you or your attorney
do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next
following the expiration of 20 days after the date you were served this citation and petition, a default
judgment may be taken against you."**

Attached is a copy of the **PLAINTIFFS' ORIGINAL PETITION**, which was filed by the **PLAINTIFF**, in the above
styled and numbered cause on the 12TH DAY OF JULY, 2016, in the 274th District Court of Hays County, San
Marcos, Texas.

Issued and given under my hand and seal of said Court at San Marcos, Texas on this the 13th day of July,
2016.

REQUESTED BY:
Kevin R. Michaels
888 W Sam Houston Pkwy S Suite 226
Houston TX 77042
281-496-9889

BEVERLY CRUMLEY
Hays County District Clerk
Hays County Government Center
712 Stagecoach Trail, Ste. 2211
San Marcos, Texas  78666

By: _Brittany Lane_

Brittany Lane, Deputy

---

**OFFICER'S RETURN**

Came to hand on the ___ day of _____ 20___ at _____ o'clock ___M and executed the ___ day of
_____20___ by  delivering to defendant _____ in person,  a true copy of this
citation with a copy of the petition attached thereto on ____ day of _____ 20___ at _____ o'clock
___M at _____ in _____ County, Texas.

[ ] Not executed. The diligence used in finding defendant being_____

[ ] Information received as to the whereabouts of defendant being_____

Service Fee:$_____

Sworn to and subscribed before me this the
_____day of_____,_____.

SHERIFF/CONSTABLE/AUTHORIZED PERSON
BY:_____

_____
Printed Name of Server

_____
NOTARY PUBLIC, THE STATE OF TEXAS            _____County, Texas

**DEFENDANT'S COPY**

FILED
7/12/2016 2:19:02 PM
Beverly Crumley
District Clerk
Hays County, Texas

CAUSE NO. 16-1379 _____

| | | |
|---|---|---|
| **FRANK OLIVO and** | § | **IN THE DISTRICT COURT OF** |
| **JANIE OLIVO** | § | |
| | § | |
| **VS.** | § | **HAYS COUNTY, T E X A S** |
| | § | |
| | § | |
| **WRIGHT NATIONAL FLOOD** | § | |
| **INSURANCE COMPANY** | § | 274th **JUDICIAL DISTRICT** |

### PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME FRANK OLIVO and JANIE OLIVO, Plaintiffs, complaining of
WRIGHT NATIONAL FLOOD INSURANCE COMPANY, Defendant, and files this Original
Petition, and in connection therewith would respectfully show the Court as follows:

### DISCOVERY PLAN

1.      Plaintiff would state that this lawsuit should be conducted under Discovery Level
3.

### PARTIES

1.      Plaintiffs FRANK OLIVO and JANIE OLIVO are residents of San Marcos, Hays
County, Texas.

2.      Defendant WRIGHT NATIONAL FLOOD INSURANCE COMPANY is a
foreign insurance company, admitted to do business in the State of Texas and participating in
FEMA's "Write Your Own" (WYO) program. Defendant issued a Standard Flood Insurance Policy
(hereinafter referred to as "SFIP") in its own name, as a fiscal agent of the United States, to the
Plaintiffs. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Defendant is responsible for arranging
the adjustment, settlement, payment and defense of all claims arising under the policy. Defendant
can be served by serving its Attorney for Service, CT Corporation System at 1999 Bryan Street,

1

Suite 900, Dallas, Texas 75201.

## VENUE AND JURISDICTION

4.      The Court has jurisdiction over Defendant in that Defendant engages in the business of insurance in the State of Texas and because the property in question is also located in Hays County, Texas. The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs state that they seek monetary relief, the maximum of which is over $200,000.00 but not more than $1,000,000.00. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## STATEMENT OF FACTS

5.      Plaintiffs are the owner of a Texas Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Defendant. Plaintiffs own the insured property, which is located at 1201 Barbra Drive in San Marcos, Texas (hereinafter referred to as "the Property"). Defendant sold the policy, insuring the Property as to flood damage, to Plaintiff.

6.      On or about May 26, 2015, a tremendous amount of rain fell in the San Marcos area causing widespread flooding throughout the area. The flooding caused severe damage to Plaintiffs' property which in turn led to significant damages. Compliance with FEMA regulations and guidelines require an extensive remediation and rebuild of Plaintiffs' property. Shortly after the storm, Plaintiffs filed an insurance claim with Defendant for the damages. Plaintiffs asked that Defendant cover the cost of repairs to the Property pursuant to the Policy.

7.      As detailed herein, Defendant wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

Furthermore, Defendant underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by the Plaintiffs as well as under scoping the damages during their investigation. Additionally, Defendant continues to delay in the payment of the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to its Property.

8.      Defendant has failed to perform their contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it has refused to pay the full proceeds of the Policy although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

9.      Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Texas Insurance Code, Section 541.060(a)(1).

10.     Defendant has failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Texas Insurance Code, Section 541.060(a)(2)(A).

11.     Defendant has failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs'

claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Texas Insurance Code, Section 541.060(a)(3).

12.     Defendant has also failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Texas Insurance Code, Section 541.060(a)(4).

13.     Defendant has refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Texas Insurance Code, Section 541.060(a)(7).

14.     Defendant has also failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Texas Insurance Code, Section 542.055.

15.     Defendant has failed to accept or deny Plaintiffs' full and entire claim within statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Texas Insurance Code, Section 542.056.

16.     Defendant has failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date Plaintiff has not yet received full payment for their claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Texas Insurance Code, Sections 542.057 and 542.058.

17.     From and after the time Plaintiffs' claim was presented to Defendant, Defendant's liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

18.     Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs. As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

19.     Defendant is liable to Plaintiffs for common law fraud. Each and every one of these representations, as described above, concerned material facts for the reason Plaintiffs would not have acted and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, there causing Plaintiffs to suffer injury and constituting common fraud.

20.     Defendant is liable to Plaintiffs for intentional breach of contract, as well intentional violations of the Texas Insurance Code.

## CAUSES OF ACTION

### BREACH OF CONTRACT

21.    Plaintiffs incorporate herein by reference the factual statements set forth in paragraphs 1 through 20 above.

22.    Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiffs. Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitute a breach of Defendant's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICE AND THE PROMPT PAYMENT OF CLAIMS

23.    Plaintiffs incorporate herein by reference the factual statements set forth in paragraphs 1 through 22 above.

24.    Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Texas Insurance Code, Section 541.060(A). All violations under this article are made actionable by Texas Insurance Code, Section 541.151. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of completion and an unfair and deceptive act or practice in the business of insurance. Texas Insurance Code, Section 541.060(1).

25.    Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and un unfair and deceptive act or practice in the business of insurance. Texas Insurance Code, Section 541.060(a)(2)(A).

26.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Texas Insurance Code, Section 541.060(3).

27.     Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive at or practice in the business of insurance. Texas Insurance Code, Section 541.060(4).

28.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Texas Insurance Code, Section 541.060(7).

29.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Texas Insurance Code, Section 542.060.

30.     Defendant's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the Texas Insurance Code, Section 542.055.

31.     Defendant's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. Texas Insurance Code, Section 542.056.

32.     Defendant's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Texas Insurance Code, Section 542.057 and 542.058.

### KNOWLEDGE

33.     Plaintiffs incorporate herein by reference the factual statements set forth in paragraphs 1 through 33 above.

34.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

35.     Plaintiffs incorporate herein by reference the factual statements set forth in paragraphs 1 through 34 above.

36.     Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to its insureds in insurance contracts.

37.     Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant knew or should have known by exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DAMAGES

38.     Plaintiffs incorporate herein by reference the factual statements set forth in paragraphs 1 through 37 above.

39.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

40.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim together with attorney's fees.

41.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiffs ask for three times her actual damages. Texas Insurance Code, Section 541.152.

42.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. Texas Insurance Code, Section 542.060.

43.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with interest and court costs.

44.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## REQUESTS FOR DISCLOSURE

45.    Pursuant to Rule 194, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, Plaintiffs recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, both as to actual damages, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court in her behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves to be justly entitled.


Respectfully submitted,

**LAW OFFICES OF KEVIN R. MICHAELS, P.C.**

By:    */s/ Kevin R. Michaels*
Kevin R. Michaels
State Bar No.: 00784598
888 W. Sam Houston Pkwy. S., Suite 226
Houston, Texas 77042
Telephone: 281-496-9889
Facsimile: 281-496-4211
kmichaels@michaelslaw.net

**ATTORNEY FOR PLAINTIFFS**

10